**SANDERS LAW GROUP**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
NEW YORK DIVISION**

| | |
|---|---|
| Lindsey Grace Whiddon, <br><br> Plaintiff, <br><br> v. <br><br> Betches Media, LLC, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Lindsey Grace Whiddon ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against Defendant Betches Media, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a website known as betches.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Lindsey Grace Whiddon is an individual who is a citizen of the State of Tennessee and maintains a principal place of business Nashville, Tennessee.

6. Upon information and belief, defendant Betches Media, LLC, is a New York Corporation with a principal place of business at 54 W 21st St, 4th Floor, New York City in New York County, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Betches Media, LLC because it maintains its principal place of business in New York.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Betches Media, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. Betches Media, LLC is the registered owner of the Website and is responsible for its content.

15. Betches Media, LLC is the operator of the Website and is responsible for its content.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

18. The Website is monetized in that it sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

19. On July 28, 2019, Plaintiff authored a photograph of Tiffany Mitchell posing in front of a motorcycle ("Photograph 1"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

20. Plaintiff applied to the USCO to register Photograph 1 on September 5, 2019 under Application No. 1-8040359721.

21. Photograph 1 was registered by USCO on September 5, 2019 under Registration No. VA 2-169-496.

22. On October 4, 2019, Plaintiff first observed Photograph 1 on the Website in a story dated August 20, 2019 (the "*Story*"). A copy of the screengrab of the Story including Photograph 1 is attached hereto collectively as Exhibit 2.

23. The Photograph was displayed at URL: https://betches.com/did-this-influencer-fake-a-crash-for-instagram-likes/.

24. The Photograph was stored at URL: https://betches.com/app/uploads/2019/08/sub-buzz-1927-1566244638-1.png.jpeg.

25. On July 28, 2019, Plaintiff authored a photograph of Tiffany Mitchell on the ground being tended to ("Photograph 2"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

26. Plaintiff applied to the USCO to register Photograph 2 on September 5, 2019 under Application No. 1-8040359721.

27. Photograph 2 was registered by USCO on September 5, 2019 under Registration No. VA 2-169-496.

28. On October 4, 2019, Plaintiff first observed Photograph 2 on the Website in the Story. A copy of the screengrab of the Story including Photograph 2 is attached hereto collectively as Exhibit 2.

29. The Photograph was stored at URL: https://betches.com/app/uploads/2019/08/sub-buzz-469-1566244646-2.png-2.jpeg.

30. On July 28, 2019, Plaintiff authored a photograph of Martyn Mazz and Tiffany Mitchell ("Photograph 3"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

31. Plaintiff applied to the USCO to register Photograph 3 on September 5, 2019 under Application No. 1-8040359721.

32. Photograph 3 was registered by USCO on September 5, 2019 under Registration No. VA 2-169-496.

33. On October 4, 2019, Plaintiff first observed Photograph 3 on the Website in the Story. A copy of the screengrab of the Story including Photograph 3 is attached hereto collectively as Exhibit 2.

34. On July 28, 2019, Plaintiff authored a photograph of Tiffany Mitchell on the ground with two water bottles placed near her ("Photograph 4"). A copy of Photograph 4 is attached hereto collectively as Exhibit 1.

35. Plaintiff applied to the USCO to register Photograph 4 on September 5, 2019 under Application No. 1-8040359721.

36. Photograph 4 was registered by USCO on September 5, 2019 under Registration No. VA 2-169-496.

37. On October 4, 2019, Plaintiff first observed Photograph 4 on the Website in the Story. A copy of the screengrab of the Story including Photograph 4 is attached hereto collectively as Exhibit 2.

38. The Photograph was stored at URL: https://betches.s3.amazonaws.com/app/uploads/2019/08/20111236/sub-buzz-3379-1566244663-1.png.jpeg.

39. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Website.

40. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

41. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific

infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

42. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

43. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

44. Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Sara Levine whose LinkedIn page lists her as an "Editor in Chief" ("*Employees*").

45. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

46. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

47. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

48. Upon information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

49. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

50. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability

to exercise such right.

51. Upon information and belief, Defendant monitors the content on its Website.

52. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

53. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

54. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

55. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

56. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

57. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

58. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

59. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

60. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

61. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored,

reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

62. Defendant's reproductions of the Photographs and display of the Photographs on the Website constitute willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

63. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

64. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

65. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendants infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: May 24, 2022

**SANDERS LAW GROUP**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124620
*Attorneys for Plaintiff*